UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.  ACTION NO. 2:05M175

CARL ANTHONY MILLER FLORES, II,

      Defendant.

O R D E R

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

    There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.

    The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that counsel for the defendant stipulated that there was probable cause established in the affidavit attached to the

criminal complaint to believe that the defendant had committed the offense named in the complaint.

The evidence appears to be very strong against the defendant. The defendant has made approximately 20 trips from Norfolk to Houston and according to the evidence he generally carried money to Houston and up to two kilograms of cocaine back from Houston to Norfolk for redistribution. On one of his trips to Houston the Norfolk airport police stopped him and seized over $20,000 from his person, of which he disclaimed knowledge. The defendant indicated that in the last nine months he has made about $3,500 and that he has no assets or income and there appears to be no legitimate way that he could have had $20,000 in cash.

The defendant was arrested and charged with possession of marijuana in July of 2004 and was put on one year deferred adjudication and probation. He was terminated successfully by a state probation officer in February of 2004 due to noncompliance and not appearing for the program. Therefore the defendant was on probation at the time of his arrest for these charges.

The defendant offered no information, testimony, proffer or argument against his detention.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of

release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  <u>See</u> <u>United States v. Williams</u>, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk,

and to counsel of record for the defendant.

                                    /s/
                            Tommy E. Miller
                            United States Magistrate Judge

Norfolk, Virginia

May 23, 2005

<u>Nunc</u> <u>pro</u> <u>tunc</u> May 20, 2005